UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TWILA ADAIR, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>JP MORGAN CHASE & CO., *et al.*,<br><br>　　　　　Defendants. | Case No.<br><br>NOTICE OF REMOVAL |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

　　　　PLEASE TAKE NOTICE that Defendants JP Morgan Chase & Co., JPMorgan Asset Management Holdings, Inc., J.P. Morgan Invest Holdings LLC, J.P. Morgan Retirement Plan Services, LLC, David Embry, Jennifer Mendicki O'Neill, and James E. Staley, by and through their counsel, remove the above-entitled action from the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit, to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446.  Removal is based on the following:

　　　　1.　　On or about July 31, 2012, Twila Adair and 277 other individuals ("Plaintiffs") filed a civil action in the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit, entitled *Twila Adair, et al. v. JP Morgan Chase & Co., et al.*, Case No. 1216-CV19512 (the "Petition").

　　　　2.　　Joseph M. Rebein, attorney for Defendants, agreed to accept service of the Petition on behalf of all Defendants.  On August 6, 2012, Plaintiffs served Mr. Rebein with the Petition, a copy of which is attached hereto as Exhibit A.

　　　　3.　　According to the Sixteenth Judicial Circuit Court's docket, on July 31, 2012, Plaintiffs filed a motion for appointment of special process server.  On August 14, 2012,

Plaintiffs' counsel sent a letter informing the Clerk that Defendants had agreed to accept service of the Petition and withdrawing the motion for appointment of a special process server. On August 15, 2012, the Court issued a Notice of Case Management Conference and Order for Mediation. Copies of the state court docket sheet and filings (excluding the Petition) are attached as Exhibit B. Plaintiffs served with the Petition a First Requests for Production to Each Defendant, which is attached as Exhibit C. No pleadings or papers have been filed, served, or received by Defendants in this action other than the documents attached as Exhibits A, B, and C.

## REMOVAL UNDER ERISA

4. This is a civil action over which this Court has original and exclusive jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), and which may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Plaintiffs' claims implicate the exclusive remedial scheme imposed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, and are completely preempted by ERISA.

5. The Petition alleges that Defendants violated the Missouri Merchandise Practices Act and common law by mismanaging and misrepresenting an investment fund (which Plaintiffs refer to as the "JPM Stable Value Product"). Plaintiffs allege that Defendants caused the JPM Stable Value Product to invest in unduly risky mortgage assets, engaged in self-dealing, and made false and misleading statements to Plaintiffs regarding the JPM Stable Value Product.

6. Defendant J.P. Morgan Chase & Co. ("J.P. Morgan"), through its subsidiaries, provides investment products and recordkeeping services to employer-sponsored retirement plans. Declaration of Katherine Downing in Support of Notice of Removal, filed herewith ("Downing Decl."), ¶ 2. One such plan is the Pension Plan and Trust of the Government Employees Health Association, Inc. ("GEHA Plan" or "Plan"). *Id.* ¶ 2 & Ex. A.

7. The GEHA Plan is a money purchase pension plan, a type of defined contribution plan governed by ERISA. Downing Decl. Ex. A, p. 1; *see* 28 U.S.C. § 1002(34). Eligible employees of the Government Employees Health Association, Inc. ("GEHA") and its affiliates participate in the GEHA Plan. Downing Decl., Ex. A, § 3.1.

8. Since 2006, the GEHA Plan fiduciaries have offered the J.P. Morgan Stable Asset Income Fund ("SAIF") as one of the investment options in the GEHA Plan. Downing Decl., ¶ 3 & Ex. B (Participation Agreement). The SAIF is the same fund that is referred to in the Petition as the "JPM Stable Value Fund." *See* Petition ¶ 33. The SAIF is a commingled pension trust fund established by J.P. Morgan Chase Bank, N.A. Downing Decl., Ex. C (Declaration of Trust). Pursuant to the Declaration of Trust, investments in the SAIF are permitted only by: (1) certain trusts which are defined contribution plans within the meaning of section 414(i) of the Internal Revenue Code; (2) certain governmental plans within the meaning of section 414(d) of the Internal Revenue Code; (3) certain eligible deferred compensation plans within the meaning of section 457(b) of the Internal Revenue Code; and (4) certain other collective or commingled trust funds holding assets of employee benefit plans or governmental plans. Downing Decl., Ex. C, § 1.3(e) & Art. II at pp. 5-6. Accordingly, the GEHA Plan's proportionate interest in the assets held by the SAIF are deemed to be ERISA plan assets. *See* 29 C.F.R. § 2510.3-101 (h)(ii) (plan's interest in common or collective trust are considered plan assets).

9. According to the Petition, Plaintiffs are employees of GEHA who invested in the SAIF from approximately 2008 to 2010. Petition ¶ 16. Because the SAIF was offered as an investment in the GEHA Plan, and because investment in the SAIF is limited to qualified employee benefit plans and certain commingled trust funds, Plaintiffs necessarily invested in the SAIF through the GEHA Plan.

3

10. ERISA creates a cause of action for breach of fiduciary duty that encompasses the acts alleged in the Petition. *See* ERISA § 502(a)(2) & (a)(3), 29 U.S.C. § 1132(a)(2) & (a)(3). Under the statute, a person is a "fiduciary" with respect to a plan to the extent he exercises any authority or control over the management or disposition of plan assets. 29 U.S.C. § 1002(21)(A). An ERISA fiduciary has a duty to act solely in the interest of plan participants, to act prudently, to diversify investments, and to act in accordance with the governing plan documents. 29 U.S.C. § 1104(a)(1). The duties of an ERISA fiduciary include a duty to speak truthfully with respect to plan benefits and not to deceive participants. *See Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996). A participant may bring an action "on behalf of the plan" under ERISA § 502(a)(2) to redress a breach of fiduciary duty, or individually under ERISA § 502(a)(3) for equitable relief for breach of fiduciary obligations.

11. ERISA completely preempts the claims asserted in the Petition. Plaintiffs are participants in an ERISA-covered plan (the GEHA Plan) who allege mismanagement, self-dealing, and misrepresentation with respect to their ERISA plan investments in the SAIF. Plaintiffs invested in the SAIF through the GEHA Plan, and allege that Defendants exercised control over the assets in the SAIF, mismanaged those assets, and made false and misleading statements about the SAIF to Plaintiffs as GEHA Plan participants. *See* Petition ¶¶ 2-3, 5-8, 11, 12, 19, 23, 37-40, 41-46, 52-63. Thus, the Petition asserts claims for breach of fiduciary duty under ERISA § 404(a), 29 U.S.C. § 1104(a) that are within the exclusive jurisdiction of the federal courts.

12. The Supreme Court has repeatedly held that any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement mechanism is completely preempted and may be removed to federal court. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209

(2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *see also Neumann v. AT&T Commcn's, Inc*., 376 F.3d 773, 780-81 (8th Cir. 2004). Complete preemption is an exception to the "well-pleaded complaint" rule, and an action is removable even if an ERISA claim does not appear on the face of the complaint. *Davila*, 542 U.S. at 207. Here, Plaintiffs' claims fall within the scope of ERISA § 502(a), are completely preempted, and are within the exclusive jurisdiction of the federal courts under ERISA § 502 (e)(1), 29 U.S.C. § 1132(e)(1).

## REMOVAL UNDER CAFA

13. The Petition is a "mass action" as that term is defined in 28 U.S.C. § 1332(d)(11), because it is a civil action in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the grounds that the claims involve common questions of law or fact. The Petition is therefore deemed to be a class action for purposes of 28 U.S.C. § 1332(d)(2)-(11) and 28 U.S.C. § 1453.

14. The Class Action Fairness Act ("CAFA") confers upon the federal courts original subject matter jurisdiction over, and thus makes removable, any class action in which there is minimal diversity and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2).

15. Minimal diversity exists if one of the Plaintiffs is a citizen of a state different from any Defendant. 28 U.S.C. § 1332(d)(2)(A). According to the Petition, Plaintiffs are citizens of the states of Missouri and Kansas. Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. As alleged in the Petition, Defendant JP Morgan Asset Management Holdings, Inc. is a Delaware corporation with its principal place of business at 270 Park Ave., New York, New York. Petition ¶ 17. Thus, minimal diversity is present.

16. CAFA provides that the claims of the individual members in a class action (or, in this case, the plaintiffs in a mass action) are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §1332(d)(6). Plaintiffs' counsel, in an affidavit prepared pursuant to Missouri Rev. Stat. § 408.040(2), states that the aggregate damages sought in the Petition "exceed[] $900 million," and that each Plaintiff is claiming punitive damages of $500,000. Declaration of Christopher A. Weals in Support of Notice of Removal, filed herewith ("Weals Decl."), ¶ 2. Thus, the jurisdictional thresholds have been met.

## OTHER REMOVAL REQUIREMENTS

17. Because Plaintiffs filed this action in the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit, removal to the United States District Court for the Western District of Missouri is proper under 28 U.S.C. § 1441(a).

18. Furthermore, divisional assignment to the Western Division of the Western District of Missouri is appropriate because at least one Plaintiff resides in the Western Division and Plaintiffs allege that their claims arose in the Western Division. *See* Petition ¶ 31; Local Rule 3.1(b).

19. As required by 28 U.S.C. § 1446(b), this notice is filed within 30 days of any Defendant being served with the Petition. *See* Ex. A.

20. All named Defendants have consented to join in the removal of this action to federal court. Weals Decl, ¶ 3.

21. As required by 28 U.S.C. § 1446(d), Defendants will give notice of this removal to Plaintiffs through their attorneys of record. Defendants will also file a copy of this Notice with the Circuit Court of Jackson County, Missouri, Sixteenth Judicial Circuit, as required by 28 U.S.C. § 1446(d).

6
5237251 v1
Case 4:12-cv-01120-SWH   Document 1   Filed 08/30/12   Page 6 of 8

WHEREFORE, Defendants remove this case from the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri.

Dated: August 30, 2012

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Joe Rebein
Joe Rebein (Mo. Bar No. 35071)
Jeanne M. Janchar (Mo. Bar No. 51813)
2555 Grand Blvd.
Kansas City, MO 64108
Tel. 816.559.2227
Fax 816.421.5547
jrebein@shb.com
jjanchar@shb.com

MORGAN, LEWIS & BOCKIUS LLP

Gregory C. Braden
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel. 202.739.5217
Fax 202.739.3001
gbraden@morganlewis.com

Azeez Hayne
1701 Market Street
Philadelphia, PA 19103
Tel. 215.963.5426
Fax 215.963.5001
ahayne@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2012, a copy of the foregoing **NOTICE OF REMOVAL** and accompanying exhibits was filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to all parties' attorneys of record.

/s/ Joe Rebein
Attorney for Defendants